UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Mr. WILLIE CLAUDIUS WATT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE FEDERAL BUREAU OF INVESTIGATION FBI NO. - 238137h CRIMINAL JUSTICE INFORMATION SERVICES DIVISION,<br><br>    Defendant. | Civil No. 07-2231 (DSD/SRN)<br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

    An IFP application will be denied, and the action will be dismissed, if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted, or if the plaintiff is seeking relief from a party who is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

    In this case, Plaintiff's complaint is a rambling collection of sentence fragments, which, for the most part, is wholly incomprehensible. Plaintiff apparently believes that the

Federal Bureau of Investigation has disseminated false information about him. However, the complaint alleges no historical facts, and it does not show any viable legal basis for this action.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some specific legal remedy against the named defendant(s), based on some established rule of law. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Plaintiff's current complaint does not satisfy this requirement, because it does not adequately describe a set of historical facts that could entitle Plaintiff to a judgment against the named Defendant under any cognizable legal principle, doctrine or theory.

In addition, Plaintiff's complaint is fatally defective because the only named Defendant, "United States Department Of Justice Federal Bureau Of Investigation FBI No. 238137H Criminal Justice Information Services Division," is (presumably) a federal agency or entity. As such, Defendant is immune from suit under the doctrine of sovereign immunity. Manypenny v. United States, 948 F.2d 1057, 1063 (8th Cir. 1991). See also Laswell v. Brown, 683 F.2d 261, 268 (8th Cir. 1982), ("[t]he United States and its agencies are not proper defendants because of sovereign immunity"), cert. denied, 459 U.S. 1210 (1983). Under the doctrine of sovereign immunity, the United States and its agencies can be sued only if, and to the extent that, the protections of sovereign immunity have been formally waived. Manypenny, 948 F.2d at 1063. Moreover, any such waiver of immunity must be "expressed unequivocally" by Congress. Id.

Plaintiff has not alleged that the federal government has waived its immunity from whatever claims he may be attempting to assert in this action. He has not cited, nor is the Court independently aware of, any express congressional authorization for the lawsuit that Plaintiff is attempting to bring here. This action is therefore barred by the doctrine of sovereign immunity.

For the reasons set forth above, the Court concludes that this action must be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because the complaint does not state any claim on which relief can be granted, and also pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), because the only named Defendant is immune from suit. Because Plaintiff has not pleaded an actionable claim, his IFP application must be denied.

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: June 6, 2007                                    s/ Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 21, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.